UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
WARREN R. KRAFT, :
:
Plaintiff, :
: 19-CV-10286 (JMF)
-v- :
: ORDER OF DISMISSAL
THE CITY OF NEW YORK et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants violated his rights. The Court dismisses the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff Warren Kraft resides in New Jersey. He practiced law until he was disbarred in New Jersey in 2005, and in New York and the District of Columbia in 2006. ECF No. 2, ¶ 90. Plaintiff filed this 84-page, 540-paragraph complaint, asserting 20 causes of action against Defendants. He seeks monetary damages, as well as declaratory and injunctive relief.

Plaintiff alleges that since 2014, he "has been the target of constant covert surveillance, supplemented with overt harassment, including repeated threats of and use of violence by defendants." *Id.* ¶¶ 68, 73. He contends that "Defendants Unknown Federal Law Enforcement Officers, through their use, control and direction of confidential informants (CIs) perpetrators, and/or as undercover federal law enforcement officers, acting under color of law, used and committed physical acts of violence and excessive use of force" against him. *Id.* ¶ 6. Plaintiff also contends that "Defendants John Does NYPD Officers through their, use, control and direction of the CI's, and/or as undercover NYPD officers, acting under color of law, in

furtherance of their long term warrantless and abusive surveillance and long term regular and pervasive use of overt harassment tactics (a/k/a as stasi tactics commandeered through fusion center surveillance), including repeated threats and use of violence" used against him. *Id.* ¶ 10.

Plaintiff asserts that "[t]he defendants' active and ongoing illegal, unrestrained, and abusive surveillance and badgering/harassment campaign is multijurisdictional and conducted nationwide in scope even when [he] leaves" his home state of New Jersey to visit other states. *Id.* ¶ 143.

## LEGAL STANDARDS

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous'

when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## WARNING

In 2018, Plaintiff, appearing *pro se* and proceeding *in forma pauperis*, filed a substantially similar complaint in this Court. *See Kraft v. The City of New York*, :18-CV-7560, ECF No. 2. By order dated December 18, 2018, the Honorable Louis L. Stanton dismissed the action for failure to state a claim, but granted Plaintiff 30 days' leave to replead and file and amended complaint. *See Kraft*, 18-CV-7560, ECF No. 5. Plaintiff filed an amended complaint on January 16, 2019, *see* ECF No. 6, and by order dated January 23, 2019, Judge Stanton dismissed the amended complaint as frivolous. *See Kraft*, ECF 18-CV-7560, ECF No. 7. Plaintiff filed two motions for reconsideration, *see* ECF Nos. 10, 13, and by order dated August 5, 2019, Judge Stanton denied the motions and advised Plaintiff that the Court will only accept for filing documents directed to the Second Circuit Court of Appeals, *see* ECF No. 17.

The Court warns Plaintiff that further vexatious, frivolous, or nonmeritorious litigation in this Court may also result in an order barring Plaintiff from filing new actions unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff has consented to electronic service. The Clerk of Court is directed to note service on the docket. Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's request for injunctive relief is denied as moot.

Plaintiff is warned that further vexatious, frivolous, or nonmeritorious litigation in this Court may result in an order barring him from filing new actions unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment dismissing this action as frivolous.

SO ORDERED.

Dated: November 15, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

4